IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JULIAN OSORIO GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-1717-RP |
| | § | |
| MIGUEL VERGARA, *in his official capacity as Field Office Director for the San Antonio Field Office, Immigration and Customs Enforcement*, et al., | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court is Petitioner Julian Osorio Garcia's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on June 26, 2026. (Dkt. 1). On July 1, 2026, pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause within three days as to why the petition should not be granted. (Dkt. 3). On July 6, 2026, Respondents Miguel Vergara, David J. Venturella, Markwayne Mullin, and Todd Blanche[1] (together, "Respondents") filed a response in opposition, (Dkt. 5), to which Petitioner replied, (Dkt. 6). Having considered the parties' arguments, evidence presented, and relevant law, the Court will deny the Petition for Writ of Habeas Corpus.

## I. BACKGROUND

Petitioner, a citizen of Colombia, is detained at the T. Don Hutto Detention Center located in Taylor, Texas. (Pet., Dkt. 1, at 2). Petitioner has resided in the United States since March 28, 2023, when he entered the country lawfully on a B-2 visitor visa, which expired on September 27, 2023. (Notice to Appear, Dkt. 5-2, at 1). Petitioner subsequently applied for asylum, and his application was received on March 30, 2024. (Form I-797C, Dkt. 1-5, at 2).

[1] All individual respondents were sued in their official capacities. The Response is filed only on behalf of the federal employees in this action. (Dkt. 5, at 1 n.1).

Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") after a traffic stop on May 14, 2026. (Pet., Dkt. 1, at 3). Petitioner was a passenger in his coworker's vehicle that was stopped by a State Trooper, "and moments later, Federal Immigration Agents arrived." (*Id*.). In the Notice to Appear ("NTA") the Department of Homeland Security ("DHS") issued to Petitioner on May 15, 2026, the document states that Petitioner is now subject to removal under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA") because he remained in the United States for a longer time than permitted. (Notice to Appear, Dkt. 5-2, at 1).

Respondents allege that "[w]hile detained, Petitioner, through counsel, requested and was granted a custody redetermination," which he received on June 22, 2026. (Resp., Dkt. 5, at 2–3). The immigration judge "exercised bond jurisdiction over respondent's case pursuant to INA Section 236 because respondent is a visa overstay," (Order of the Immigration Judge, Dkt. 5-1, at 1), and "after reviewing the evidence presented during the hearing, [the immigration judge] made a discretionary finding denying the bond due to Petitioner posing a flight risk." (Resp., Dkt. 5, at 3).

Petitioner filed his Petitioner for Writ of Habeas Corpus, challenging his detention under 28 U.S.C. § 2241. (Pet., Dkt. 1, at 3). Petitioner argues that he is "currently being detained . . . without cause and in violation of his constitutional rights to due process of law." (*Id.* at 5). He further claims that the immigration judge "failed to reasonably or adequately conduct Petitioner's bond hearing in both cases" as the Judge "did not follow the correct legal standard required." (*Id.* at 6). Petitioner asks this Court to declare that "Petitioner's detention violates the Due Process Clause of the Fifth Amendment." (*Id.*)

In their Response, Respondents maintain that "Petitioner is entitled to, and received a custody redetermination hearing, and the immigration judge made a discretionary decision to deny bond based on a finding that Petitioner is a flight risk." (Resp., Dkt. 5, at 1). Respondents contend that "Petitioner had an adequate remedy to redress his claims" as he "would have been able to file

an appeal with the Board of Immigration Appeals." (*Id.*). Respondents further assert that the "Court does not have jurisdiction to review the immigration judge's decision or reweigh the evidence," (*id.* at 2), as "8 U.S.C. § 1226(e) strips this Court of jurisdiction to hear such a challenge," (*id.* at 3).

## II. DISCUSSION

It is well-settled that "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Accordingly, the Court first considers whether it has jurisdiction to decide Petitioner's claims.

Petitioner argues that his detention is "without cause and in violation of his constitutional rights to due process of law." Petitioner provides little support for this argument, but "[w]hen § 1226(a) applies to Petitioner's detention, he is owed the process given to him under the statute." *Covarrubias-Rodriguez v. Bondi*, No. 5:26-CV-594-JKP, slip op. at 6 (quoting *Gonzalez Arreaga v. Minter*, No. 2:25-CV-03167-TLP-CGC, 2026 WL 279882, at *7 (W.D. Tenn. Feb. 3, 2026)). The "procedures used by federal immigration officials to deny a noncitizen's request for release on bond must always comply with fundamental principles of due process." *Mejia v. Crawford*, No. 1:26-CV-253, slip op. at 3 (E.D. Va. Mar. 25, 2026). *See also Singh v. Bondi*, No. 5:26-CV-0125-JKP, 2026 WL 690013, at *4 (W.D. Tex. Mar. 6, 2026) ("Once it is accepted or concluded that a petitioner's detention is discretionary under § 1226(a), the next task is to determine whether the detention 'violates due process'" (citation omitted)). Petitioner is detained under Section 1226[2] and received a bond hearing as "a visa overstay." (Order of the Immigration Judge, Dkt. 5-1, at 1).

Petitioner challenges the constitutionality of his detention based on an allegedly constitutionally deficient bond hearing. (Pet., Dkt. 1, at 5–6). Petitioner maintains that the

---

[2] In reply, Petitioner maintain that Respondents "incorrectly assert that there is no legal dispute because Petitioner falls under mandatory detention under 8 U.S.C. Sec 1225(b)(2). (Reply, Dkt. 6, at 2). Respondents, however, do not assert that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2).

immigration judge "failed to reasonably or adequately conduct Petitioner's bond hearing." (Reply, Dkt. 6, at 6). In turn, Respondents argue that this Court lacks jurisdiction to review discretionary findings in Petitioner's bond hearing. (Resp., Dkt. 5, at 3–4). In reply, Petitioner maintains that the "Court 'retains jurisdiction to review [a noncitizen's] detention insofar as that detention presents constitutional issues, such as those raised in the habeas petition.'" (Reply, Dkt. 6, at 4 (quoting *Lopez-Arevelo v. Ripa*, 801 F.Supp.3d 668 (W.D. Tex. 2025)). Petitioner argues that the immigration judge "did not follow the correct legal standard required, finding the Petitioner denied." (Reply, Dkt. 6, at 4–5). In support, Petitioner argues that the immigration erred in (1) concluding that he had limited immigration relief, (2) failing to "give Petitioner any thought for alternatives for detention at the bond hearing," and (3) determining that "Petitioner had limited time and limited ties in the U.S." (*Id.* at 7–12). Petitioner maintains that "in the face of substantial evidence of the record Petitioner should have been awarded bond." (*Id.* at 13).

Under 8 U.S.C.§ 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." Ultimately, Petitioner disagrees with the immigration judge's weighing of the evidence and exercise of discretion with respect to flight risk. (Reply, Dkt. 5, at 7–13). Because the decision to detain Petitioner without bond was made following an individualized review of the record by the Immigration Judge, the Court finds it is stripped of jurisdiction under 8 U.S.C. § 1226(e) and cannot review Petitioner's claims.[3] Accordingly, Petitioner's Petition must be denied, and the Court does not reach the parties' additional arguments.

---

[3] "This is not to say a noncitizen who has been afforded a bond hearing could never prevail on claims arising under the Due Process Clause. The Court's determinations herein are limited to the facts of this case." *Orlando Vicente-Vicente v. Warden, Operator of the ERO El Paso Camp E. Montana, et al.*, No. EP-26-CV-00800-DB, 2026 WL 895626, at *2 (W.D. Tex. Apr. 1, 2026). *See also Raymundo Jasso Pecina v. Todd Blanche, et al.*, No.

## III. CONCLUSION

For these reasons, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DENIED** for lack of jurisdiction. **IT IS FURTHER ORDERED** that in light of the foregoing order, Petitioner's Motion to Expedite, (Dkt. 7), is **MOOT**.

**SIGNED** on October 30, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

1:26-cv-645-RP (W.D. Tex. Oct. 5, 2026) (finding that the Court has jurisdiction to consider Petitioner's claim that he was detained without an individualized assessment under 8 U.S.C. § 1226(a)).